In Re Johnson *et al.*, Petitioners.

NEWPORT—JUNE 14, 1901.

Present: Stiness, C. J., Rogers and Blodgett, JJ.

(1)  *Wills.   Failure of Issue.   Life-Estates.*

Testamentary devise as follows :

"III.   One part (of testator's real estate) to be given to my grandson X. and one part to be given to my granddaughter Z.

"VI.   In case of the death of X. or Z. the property of each to be equally divided among their issue, the property of X. among his issue, and the property of Z. among her issue.

"VII. If there is no surviving issue of my descent, viz., X. Z., the parents that are not of my descent of the issue of the aforementioned parties, in case of the death of said issue, are not to inherit the property, but it shall be divided as hereinafter directed.

"VIII. If none of the aforementioned parties, that is to say of my descent, are living, it shall be divided as follows, viz.: to M., P., S., or their heirs, in equal proportions :"—

*Held*, that under Gen. Laws cap. 203, § 14, the words in clause 3 would vest the whole title in X. and Z. if no contrary intention was apparent from other parts of the will.

*Held*, further, that under Gen. Laws cap. 202, § 24, the failure of issue must be construed to mean a failure of issue in the life-time of the testator, and hence X. and Z. were seized of an estate in fee-simple in the premises.

PETITION for the construction of a will. The facts are fully stated in the opinion.

BLODGETT, J. The question presented by the agreed statement of facts is as to the nature of the estate of Frederick P. Johnson and Kate Burrows, petitioners, under the will of William H. Smith, in the land described in the petition.

It is conceded that the interest of Harriet V. Johnson, the daughter of the testator, in and to one-third part of the estate passed to the petitioners as her heirs at law upon her decease intestate. The third and fourth clauses of the will relate to the testator's real estate, and are as follows:

"III. One part to be given to my grandson, Frederick P. Johnson, son of my daughter Harriet, aforesaid.

"IV. One part to be given to my granddaughter, Mary Kate Burrows, wife of William E. Burrows, and daughter of Harriet, her husband to have no use or control of said property."

(1) Under the provisions of section 14 of chapter 203 of the General Laws, these words would vest the whole title in the petitioners if a contrary intention is not apparent from other parts of the will.

The respondent contends that this contrary intention is apparent from the sixth, seventh, and eighth clauses of the will, as follows:

"VI. In case of the death of the said Frederick or the said Mary Kate, either or both of them, the property of each as aforementioned to be equally divided among their issue, that is to say, the property aforementioned of Frederick to be divided among his issue, and the property as aforesaid of the said Mary Kate to be divided among her issue.

"VII. If there is no surviving issue of my descent, viz., Harriet V. Johnson, Frederick P. Johnson, Mary Kate Burrows, the parents that are not of my descent of the issue of the aforementioned parties, in case of the death of said issue, are not to inherit the property but it shall be divided as hereinafter directed.

"VIII. If none of the aforementioned parties, that is to

say of my descent, are living, it shall be divided as follows, viz.: To my sister, Sarah C. Miner, wife of Richard M. Miner; Harriet M. Putnam, wife of Russell R. Putnam; Phebe A. Stacy, widow; Violet C. Palmer, widow, or their heirs in equal proportions, provided that they make suitable provision for the comfortable maintenance of my brother, Edward C. Smith, otherwise he is to have an equal share of said property."

In support of this contention it is argued that the failure of issue referred to in the seventh clause means an indefinite failure of issue at some remote period after the death of the testator, and does not refer to a failure of issue during the life of the testator. We think that this contention is overcome by the provisions of section 24 of chapter 202, General Laws, as follows:

" In any limitation of real or personal estate by deed, will, or other instrument in writing, hereafter executed, the words 'die without issue,' or 'die without leaving issue,' or 'leave no issue,' or 'die without heirs of the body,' or any other words that may import either a want or failure of issue of any person in his lifetime, or at the time of his death, or an indefinite failure of his issue, shall be construed to mean a want or failure of issue in the lifetime, or at the death of such person, and not an indefinite failure of his issue, unless a contrary intention shall clearly appear by the instrument containing such limitation."

In *Harris* v. *Dyer*, 18 R. I. 540, the language used was of similar import, and the court decided that the failure of issue referred to was a failure of issue in the life-time of the testator. The instrument before us is a holographic will, and is manifestly inartificially drawn; but upon a careful consideration of all its provisions we are of the opinion that the petitioners, Frederick P. Johnson and Kate Burrows, are seized of an estate in fee-simple in the premises set forth in the petition.

Decree accordingly.

*Darius Baker and William P. Sheffield, Jr.,* for parties.